OPIMOS’ AND ORDER

CASE SYNOPSIS

[1] Appellant, Jacob S. Fredericks, requests an award of attorneys fees pursuant to HIRCCP Rule 25(e) to'be paid by Ap-pellees, Village of Kykotsmovi and the Kykotsmovi Enterprise Board.

*400
FACTUAL AND PROCEDURAL BACKGROUND

[2] Our review of the record reveals numerous pleadings filed. In examining these pleadings, there are three general stages of pleading in this lawsuit: (1) pleadings in response to Appellant’s original complaint; (2) pleadings in response to Appellant's Motion for Reconsideration; and (3) pleadings in response to Appellant’s Notice of Appeal. According to these categories, we have listed each of the substantive pleadings below in chronological order to understand whether the nature and frequency of Appellees’ pleadings warrant an award of attorney’s fees.
I. Pleadings in Response to Appellant’s Original Complaint
[3] July 23, 2003: Appellant files his original Complaint (hereafter “Complaint 2”).
[4] August 5, 2003: Appellant files Motion to Refer Case to Tribal Council after the Chairman refused to have the Council hear his case.
[5] August 12, 2003: Appellees file a response defending itself against the claims in Complaint 2.
[6] August 25, 2003: Appellant responds to Appel-lees’ Motion to Dismiss repeating many of his claims from Complaint 2.
[7] September 11, 2003: Appellees file a Motion to Continue the hearing, which was denied by the Court. Order, filed September 12, 2003.
[8] September 25, 2003: The Court dismisses Appellant’s Complaint 2 with prejudice.
II. Pleadings in Response to Appellant’s Motion for Reconsideration
[9] September 30, 2003: Appellant files a Motion for Reconsideration making new claims, but also repeating claims from Complaint 2 in response to the Court’s Order to Dismiss.
[10] October 8, 2003: Appellees files a response ■ to Appellant’s Motion for Reconsideration, responding to Appellant’s claims and requesting attorney’s fees.
[11] October 17, 2003: Appellant files a response to Appellees response, reasserts claims made in the Motion for Reconsideration, making new claims, and arguing against an award of attorney’s fees.
[12] November 3, 2003: Appellant files a motion reasserting claims against an award of attorney’s fees.
[13] November 5, 2003: Court denies Appellant’s Motion for Reconsideration.
III. Pleadings in Response to Appellant’s Notice of Appeal
[14] November 14, 2003: Appellant files Notice of Appeal, but states no ground for appeal.
[15] December 4, 2003: Appellees file Objection to Notice of Appeal claiming Appellant didn’t comply witii rules of appeal under HIRCCP.
[16] December 8, 2003: Appellant files response to : objection asserting grounds for appeal.
[17] December 15, 2003: Appellant files Opening Brief reasserting prior claims along with new claims.
[18] December 17, 2003: Appellees file motion to extend filing deadline for their response to Appellant’s Opening Brief.
[19] January 8, 2004: Appellees file Answer Brief.
[20] January 15, 2004: Appellant makes special request to file a reply brief.
[21] January 16, 2004: Appellees file objection to request for reply brief asserting that Appellant makes no new claims.
[22] January 22, 2004: Appellant files requested reply, but without leave of court. He claims that the court cannot proceed without more information regarding Appellees’ land assignment history.
[23] October 26, 2004: Appellant files Post Hearing Brief to correct inaccuracy in hearing.
[24] November 18, 2004: Appellees make motion to strike Appellant’s Post Hearing Brief, claiming that HIRCCP rules do not allow for more than one brief without. leave of court.
*401 [25] May 2, 2005: Court reverses and remands the ease to the lower court for further fact-finding.
[26] July 10, 2005: Appellant files Application for Award of Attorney’s Fees.

DISCUSSION

[27] We deny the Appellant’s Application for attorney’s fees, as we find no basis under our Rule 25(e) to grant Appellant’s Application. An award of attorney’s fees are governed by HIRCCP Rule 25(e), . which states:
e) Attorneys Fees. The court shall not award attorneys fees in a case unless such have been specifically provided for by a contract or agreement of the parties under dispute, or unless it reasonably appears that the case has been prosecuted for purposes of harassment only, or that there was no reasonable expectation of success on the part of the affirmatively claiming party.
There are distinct bases upon which attorney’s fees may be awarded. We shall address each basis in turn below.
I. By Contract or Agreement
 [28] An award of attorney’s fees may be awarded if it has been specifically provided for by a contract or agreement. In this case, Appellant has not presented any evidence of a written contract or agreement with a specific provision for an award of attorney’s fees. In the absence of such a written contract or agreement, we cannot find that such an agreement existed. Therefore, attorney’s fees cannot be awarded pursuant to any such agreement.
II. By Harassment Only
 [29] Based upon our examination of the record, we do not find that Appellees prosecuted this case for the purpose of harassment only. Appellant is entitled to an award of attorneys fees pursuant to HIRCCP Rule 25(e), if the case is prosecuted for the purposes of harassment only. However, when the pleader states an arguable claim that is found to be well-grounded in fact and law, regardless of their subjective intent, then we will not find the matter was prosecuted for the purposes of harassment only. The pleader does not have to be correct in his or her perception of the law. Zaldivar v. City of Los Angeles, 780 F.2d 823, 830-32 (9th Cir.1986); Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir., 1986).
[30] Although we have not had prior occasion to address Rule 25(e), we look to analogous federal law to assist us in this matter. The language of the HIRCCP closely follows the Federal Rules of Civil Procedure. Thus, the Federal Rules are a good source to guide our interpretation of HIRCCP Rule 25(e). The relevant related Federal Rule is Rule 11. Rule 11(b) states, in relevant part:
(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person’s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual conic i tions have evidentiary support or, if sp eifically so identified, are likely to *402 have evidentiary support after a reasonable opportunity for further investigation or .discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
Subsection (c) of FRCP Rule 11 provides for the award of attorneys fees for violation of any of the above requirements.
[31] An “improper purpose” accordingly to FRCP Rule 11(b) incorporates “harassment.” Federal courts interpreting Rule 11 have consistently held that, “the conduct forming the basis of the charge of harassment must do more than in fact bother, annoy or vex the complaining party. Thus, harassment under Rule 11 focuses upon an improper purpose of the signer, objectively tested, rather than the consequences of the signer’s act, subjectively viewed by the signer’s opponent.” Zaldivar, 780 F.2d at 831-32.
[32] Appellant argues in support of his assertion of harassment that the “well heeled Defendants [Appellees] made their Motion to Dismiss Plaintiffs Complaint as a central part of a strategy of attrition against Plaintiff to bleed him of time and money so he could no longer physically or financially oppose their taking of his land.” Plaintiffs Reply to KEB’s Opposition to Plaintiffs Application for Attorneys’ Fees, filed August 3, 2005, p. 2. In essence, the Appellant argues that Appellees filed successive pleadings and claims against him with the intent to harass and deplete his resources. The Appellant in Zaldivar made essentially the same claim as the Appellant in this case. The Zaldivar Court held that in order to award attorneys fees as a violation of the “improper purpose” prong of FRCP Rule 11(b), there must be “a clear indication that the proposition urged in the repeat claim [successive filings] was resolved in the earlier one.” Ibid at 834. We find no such clear indication that the Appellees urged the same claim in repeated pleadings that was previously resolved by the Court.
[33]We find no evidence in the record of pleadings showing that the filings made by Appellees would constitute “harassment” for the purposes of HIRCCP Rule 25(e). Up to the present request made by Appellant for attorneys fees, there have been three general stages of pleading in the lawsuit. During the first two of these stages of pleading, Appellees made responsive arguable claims that had not yet been resolved. The claims also clearly demonstrated a reasonable inquiry into the law, citing to relevant Hopi Constitutional provisions and authority in support of their claims. The last stage of pleadings made only procedural arguments in response to Appellant’s further motions and briefs. It is our finding that Appellees did not prosecute this case for the purpose of harassment. Therefore, Appellant is not entitled to attorneys fees.
III. By No Reasonable Expectation of Success
[34] We find upon review of the record that Appellees had a “reasonable expectation of success” within the terms of HIRCCP Rule 25(e). Federal case law interpreting FRCP Rule 11, which also incorporates the principle underlying this prong of Rule 25(e) provides that a party has a reasonable expectation of success “unless some clear authority or a litigant’s own clear admission erases the factual underpinning from some essential element of the litigant’s pleading.” Greenberg v. Sala, 822 F.2d, 882, 887 (9th Cir., 1987).
[35] Appellant does not cite clear authority in his pleadings undermining some essential element of Appellees’ pleadings, nor is there any evidence of an admission by Appellees in the record. Therefore, we *403 find Appellees had a reasonable expectation of success within the meaning of HIUCCP Rule 25(e) and Appellant is not entitled to attorneys fees under this prong.

CONCLUSION

[36] We hold that Appellant is not entitled to attorneys fees under HIRGCP Rule 25(e). There is no evidence of a contract or agreement providing for such fees. Ap-pellees have not prosecuted the case for the purposes of harassment because they made a reasonable inquiry into the facts and law behind their claims and did not assert claims on issues already resolved. Finally, Appellees had a “reasonable expectation of success” because there is no authority or admission by Appellees that erased the factual underpinning of any essential element of their claim.

ORDER OF THE COURT

Appellants request for attorneys fees pursuant to HIRCCP Rule 25(e) is DENIED.