OPINION AND ORDER

CASE SYNOPSIS

[lj Appellant, Jacob S. Fredericks, claims in this appeal that the trial court erred when it made various pre-trial procedural decisions and denied his motion to disqualify the judge. This case involves a land dispute between Appellant and Appel-lees, Village of Kykotsmovi and Kykotsmo-vi Enterprise Board (KEB). In December 1999, Appellee Village assigned part of the land in question to Appellee KEB to build and maintain a shopping center. Appellant contested the land assignment in Tribal Court on March 3, 2003, but the matter was referred to Tribal Council by agreement of both parties. After the Tribal Council denied Appellant’s motion to hear the matter, Appellant brought a second suit in Tribal Court. The Tribal Court dismissed the action on September 25, 2003. On September 30, 2003, Appellant filed Motion for Reconsideration, which was dismissed by the Tribal Court on November 5, 2003.
[2] On November 14, 2003, Appellant filed a Notice of Appeal. On May 2, 2005 this court reversed the trial court order of November 5, 2003. This court remanded the matter to the trial court to hold a hearing to determine whether it has jurisdiction over this land dispute. Appellant’s current appeal challenges several proceedings in preparation for trial on the remanded jurisdictional matter.

FACTUAL AND PROCEDURAL BACKGROUND

[3] This is the third time this dispute has come before this court. Appellant’s initial complaint was filed in the trial court on March 3, 2003, but was dismissed without prejudice after oral arguments so that Appellant could bring the matter before the Hopi Tribal Council. On July 29, 2003, the Chairman of the Council denied Appellant’s request to be heard claiming that the issue was in the sole jurisdiction of Appel-lee Village because it was an issue of land assignment.[1] On July 23, 2003, Appellant filed a second complaint with the trial court seeking injunctive and declaratory relief. On September 25, 2003 the trial court dismissed the action holding that *432 Appellee Village was the appropriate lb-rum, as it was not an inter-village dispute and related specifically to the issue of land assignment.
[4] On September 30, 2003, Appellant filed a Motion to Reconsider the dismissal for lack of subject matter jurisdiction. On November 5, 2003, the trial court denied the motion. On November 14, 2003, Appellant then appealed the November 5, 2003 denial. On May 17, 2005, The Appellate Court ruled that the trial court judge erred in dismissing the case without conducting a factual inquiry into whether “the assignment in [the] case involved ‘farming land actually occupied and beneficially used by [Fredericks’] at the time of approval of [the Hopi] Constitution.” Fredericks v. Village of Kykotsmovi, KEB, Case No. 03-AP-000015, 6 Am. Tribal Law 399, 2005 WL 0240928 (2005). Article VII of the Hopi Constitution creates an exception to the Villages’ jurisdiction if a party was occupying and beneficially using the land prior to adoption of the Hopi Constitution.[2] In its May 17, 2005 order, this court remanded the case to the lower court solely for the purpose of determining whether or not Appellant, at the time of the passage of the Hopi Constitution, was occupying and beneficially using the land in question at the trial, which subsequently determines whether the trial court has jurisdiction to rule on the merits of the case. id. at 6 Am. Tribal Law 399, 2005 WL 0240928.
15) On July 19, 2005, Appellant filed an application for attorneys fees with this court. This court dismissed the action on November 18, 2005 holding that he did not establish a violation of HIRCCP Rule 25(e).
[6] After this court remanded the issue of jurisdiction to the trial court, it proceeded with preparation for trial and issued a number of procedural and evidentiary determinations. The remanded issue was set for jury trial on June 21, 2006, but was vacated and stayed after Appellant filed 4 Notice of Appeal on June 20, 2006. Appellant appeals the following orders in his current appeal:
(1) June 19, 2006: Verbal Order, (a) Excluding as irrelevant Oraibi custom law relating to whether Appellant’s father was assigned the land in question by the village kikmongwi; (b) Granting Appellees’ Motion in Li-mine precluding evidence of any damages suffered by Appellant during trial; (c) Denying Appellant’s Motion in Limine to exclude proposed documentary evidence relating to a prior hearing related to the same land dispute in which Appellant had participated; (d) Denying Appellant’s Revised Requested Jury Instruction No. 5.
(2) June U, 2006: Order. Denying Appellant’s Motion for Summary Judgment.
(3) April 12, 2006: Order, (a) Limiting the scope of the jurisdictional hearing only to the 12.5 acre parcel that was assigned by Appellee Village to Appellee KEB; (b) Limiting the scope of the issue to be addressed as whether Appellant, not his father, was using and occupying the land,
*433 (4) December 20, 2005: Order. Denying Appellant’s Motion to Remove Judge, entered by the Chief Judge.

DISCUSSION

I. The orders on appeal of April 12, June 14 and 19, 2006 are not final orders pursuant to HTO 21, Sec. 1.2.5 or HIRCCP Rule 37.
[7] The jurisdiction of this Appellate Court is governed both by Hopi Tribal Ordinance (HTO) 21, Sec. 1.2.5 and the Hopi Indian Rules of Civil and Criminal Procedure (HIRCCP) Rule 37. Section 1.2.5 provides, “The Appellate Court of the Hopi Tribe shall have jurisdiction to hear appeals from final judgments and other final orders of the Tribal Court of the Hopi Tribe.” Rule 37 provides that “a party aggrieved by any final order commitment or judgment of the Trial Court” may file an appeal. In Honie v. HTHA, No. 96AP00007 (11/23/1998), this court determined that an appeal from an Order of Injunction could not be heard “because issues were still before the court.” In making that decision, the Court reasoned that a “final order” is “one which ends the litigation and leaves nothing for the trial court to do but to execute the judgment or which leaves no question open for any further judicial action.” Id
[8] Here, the June 19, 2006 Verbal Order is not a final order, commitment or judgment because it merely orders the exclusion of certain forms of evidence and denies a motion to use jury instructions for trial.
[9] The June 14, 2006 Order denying Appellant’s Motion for Summary Judgment is not final because it is a premature to determine damages before the trial court has determined whether it has jurisdiction to hear the merit s. Appellant’s motion argued that the Village land assignment to KEB was an unlawful taking and that the sole purpose of the June 21 trial should be to award damages for Appellant. The trial judge dismissed Appellant’s motion characterizing what he requested is premature. We agree. Damages can only be awarded to a prevailing party.
[10] The April 12, 2006 Order clarifying the specific issue to be determined and limiting what evidence can be admitted are preliminary decisions and cannot be appealed until a final judgment has been made at trial.[3]
[11] All of these orders may be characterized as interlocutory in nature. This court does not have jurisdiction to hear interlocutory appeals under HTO 21. Id at 2.
II. Appellant’s Notice of Appeal of the December 20, 2005 order was not timely filed under HIRCCP Rule 37(c).
[12] HIRCCP Rule 37(c) requires that notice of appeal be filed within 20 days of entry of judgment.
[13] The Order denying Appellant’s Request for Change of Judge filed by the Chief Judge on December 20, 2005 is a final order from which an appeal may be heard. It was, however, filed 162 days after the 20 day filing period had expired and is untimely.
[14] It is the duty of the Hopi judiciary to ensure a fair, efficient and just process for all parties who come before it The HIRCCP limits the scope of Appellate Court jurisdiction to final orders and judg *434 ments so that the trial court may proceed with its trial and factfinding duties without undue interference. Requiring that appeals be filed within 20 days of entry of judgment provides a timeframe during which the prevailing party may reasonably expect an appeal, and after such time, they may rely on the lower court’s order.
[15] In the current appeal, Appellant seems to disregard the policy underlying the HIRCCP. This is evident where the Appellant files an appeal in June 2006 for an order entered in December 2005.

CONCU IS ION

[16] We hold that the orders dated June 19, 2005, June 14, 2006, and April 12, 2006 appealed by Appellant are not “final” orders pursuant to HTO 21, Sec. 1.2.5 or HIRCCP Rule 87. This court does not have jurisdiction to hear an appeal of the foregoing orders. Additionally, we hold that the order dated December 20, 2005 denying Appellant’s Request for Change of Judge is untimely under HIRCCP Rule 37(c).

ORDER OF THE COURT

Appellant’s appeal is hereby DISMISSED pursuant to HIRCCP Rule 37(b) and HTO 21, Sec. 1.2.5.

. Hopi Constitution, Art. VII, § 1(b)

. “Nothing in this article shall permit depriving a member of the tribe of farming land actually occupied and beneficially used by him at the time of approval of this Constitution, but where an individual is occupying or using land which belongs to another by agreement with the owner, that land shall continue to belong to that owner.” Hopi Constitution, Art. VII, § 2

. Counsel for Appellant should know that each of these orders may ultimately be appealed once a decision has been made at trial.